PRINCE S. CROWELL *vs.* FREDERICK BARREDA & others.

Under a charter party which provides that "twelve running days for each one hundred register tons be allowed to the charterers for loading the ship; nevertheless in no case shall the charterers have less than thirty nor more than eighty running days in all, Sundays and holidays excepted;" Sundays and holidays are to be included in computing the " twelve running days."

ACTION OF CONTRACT by the owner against the charterers of the ship Hippogriffe, for demurrage under a charter party made according to a printed form in general use by the defendants, (who were merchants largely engaged in the guano trade,) for a voyage to the Chincha Islands for guano and back to the United States, at a certain rate of freight by the ton of cargo, and containing the following clause :

" Twelve running days for each one hundred register tons to be allowed to the charterers for loading the ship at the islands ; nevertheless in no case shall the charterers have less than thirty or more than eighty days in all, Sundays and holidays excepted ; said days to commence from the day when the master gives notice in writing of his being ready to receive and take on board, and to cease when the charterer's agents give notice that she is to receive no more cargo ; and ten days to be allowed to the owners at port of clearance for taking in light freight and specie; with all the days of demurrage, over and above those specified, to be paid for at the rate of sixty five dollars per day from the party delinquent to the party observant."

The vessel was of six hundred and seventy one tons register. The parties admitted that the odd tons were to be counted, entitling her to have eighty days for loading under the charter; and submitted to the court upon these facts the question whether in calculating these eighty days Sundays and other holidays were to be included ; with an agreement that if they were, judgment should be entered for the plaintiff for the amount of eighteen days' demurrage remaining unpaid ; otherwise, judgment for the defendants.

*R. H. Dana, Jr.,* for the plaintiff.

*G. M. Browne,* for the defendants, cited Abbott on Shipping, (7th ed.) 304; *Brown* v. *Johnson,* 10 M. & W. 331; *Field* v. *Chase,* Hill & Denio, 50; *Duff* v. *Lawrence,* 3 Johns. Cas. 162; *Douglas* v. *Moody,* 9 Mass. 548; *Leidemann* v. *Schultz,* 14 C. B. 38; *Meyer* v. *Hunter,* 2 Car. & P. 601; *Dobson* v. *Droop,* 4 Car. & P. 112.

HOAR, J.  It would not be difficult to give either of the two constructions suggested at the argument to this charter party, if there were anything in the circumstances to which the contract applies to indicate the intentions of the parties.  But in the absence of any such evidence of intention, we must simply give a construction to the language used in the instrument.

It first provides that " twelve running days for each one hundred register tons are to be allowed to the charterers for loading the ship at the islands."  The meaning of this is plain, the phrase " running days " having a settled commercial meaning of " successive " or " consecutive " days, without regard to the question whether they were days on which work could be done or not.  It is an affirmative provision, complete and unqualified. If any qualification were intended, so that certain days which would ordinarily be comprehended in the phrase " running days " were to be excluded, it would seem natural to introduce it in the same connection, and to say, " twelve running days, except Sundays and holidays."  But no such qualification is made; that branch of the sentence ends, and a proviso or limitation of the preceding proposition follows — " nevertheless in no case shall the charterers have less than thirty nor more than eighty running days in all, Sundays and holidays excepted; said days to commence " &c.  This proviso seems to us to be predicated upon a complete description of the cases which it professes to limit.  The charterers are in no case under the rule already stated, that they are to have twelve running days for each one hundred tons of the vessel's register, to have less than thirty running days, exclusive of Sundays and holidays.  If the vessel were of only two hundred tons register, this would give the charterers six days more than the gen-

eral allowance, beside the Sundays and holidays which might occur before its time expired. On the other hand, if the vessel were of twelve hundred tons, it should not be allowed more than eighty days beside Sundays and holidays, although this might give it much less than the one hundred and forty four running days which the general rule would allow. There is nothing in the ordinary rules of grammatical construction, which would extend the qualification found in the proviso to the first clause of the sentence.

The objection is urged by the defendant, that this construction does not give force to all the language used; and that if running days were meant in the first clause, and working days in the second, those words would have been used. But the answer is suggested in another part of his argument, namely, that there may be some days, beside Sundays and holidays, which are not working days ; days on which, from the state of the weather, or from some obstacle in getting to the place of loading, or for some other cause, no cargo could be taken on board. The risk of these the charterers undertake to assume. They also take the chance of holidays, if they can have at least thirty days clear of them.

The probability seems to be, that to the greater part of the vessels engaged in the trade, for which this printed form of charter party was prepared, the simple rule of so many " running days," in proportion to their tonnage, would be applicable. This would make a computation of holidays necessary only in the extreme cases, which the proviso was intended to meet, and this, we think, is the fair interpretation of the contract.

*Judgment for the plaintiff.*